```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF GEORGIA
                      COLUMBUS DIVISION
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| vs. | * | CASE NO. 4:09-CR-14 (CDL) |
| JOHN MARK SHELNUTT, | * | |
| Defendant. | * | |

O R D E R

A reporter for the *Columbus Ledger-Enquirer* newspaper has requested that he be allowed to use his handheld electronic device (*e.g.*, a BlackBerry or cellular telephone) during the trial of the above-captioned criminal case to send electronic messages describing the court proceedings directly from the courtroom to his newspaper's "Twitter" website.[1] The messages, called "tweets," would then be available to any member of the general public who accessed the newspaper's Twitter website.

Defendant objects to this request. The Government takes no position on the request, leaving it to the Court's discretion. The Court finds that Rule 53 of the Federal Rules of Criminal Procedure prohibits "tweeting" from the Courtroom and that Rule 53 does not unconstitutionally restrict the freedom of the press under the First

---

[1] Twitter is a social networking and micro-blogging service that invites its users to answer the question: "What are you doing?" Twitter's users can send and read electronic messages known as "tweets." A tweet is a short text post (up to 140 characters) delivered through Internet or phone-based text systems to the author's subscribers. Users can send and receive tweets in several ways, including via the Twitter website.

Amendment to the Constitution. Accordingly, as explained more fully below, the request to "tweet" from the courtroom is denied.

Rule 53 states in relevant part: "[T]he court must not permit the taking of photographs in the courtroom during judicial proceedings or the *broadcasting* of judicial proceedings from the courtroom." Fed. R. Crim. P. 53 (emphasis added). The Court finds that the term "broadcasting" in Rule 53 includes sending electronic messages from a courtroom that contemporaneously describe the trial proceedings and are instantaneously available for public viewing. Although "broadcasting" is typically associated with the dissemination of information via television or radio, its plain meaning is broader than that. The definition of "broadcast" includes "casting or scattering in all directions" and "the act of making widely known." Webster's Third New International Dictionary (Unabridged) 280 (1993). It cannot be reasonably disputed that "twittering," as previously described, would result in casting to the general public and thus making widely known the trial proceedings. Moreover, it appears clear that the drafters of Rule 53 intended to extend the Rule's reach beyond the transmission of trial proceedings via television and radio.

Prior to the 2002 Amendments to Rule 53, the Rule specifically prohibited the "taking of photographs" and "*radio* broadcasting." Fed. R. Crim. P. 53 (1946) (amended 2002) (emphasis added). The 2002 Amendments eliminated the modifier "radio" from broadcasting, leaving

a prohibition against "broadcasting" generally and not just "radio broadcasting." Fed. R. Crim. P. 53. This change was purposeful, and although the Advisory Committee's notes state that the Committee did not consider the change to be substantive, the notes do reveal that the Committee made the change with the intention that additional types of broadcasting would be covered by the Rule. *See* Fed. R. Crim. P. 53 advisory committee's note ("Given modern technology capabilities, the Committee believed that a more generalized reference to 'broadcasting' is appropriate.")

Based on the foregoing, the Court finds that the contemporaneous transmission of electronic messages from the courtroom describing the trial proceedings, and the dissemination of those messages in a manner such that they are widely and instantaneously accessible to the general public, falls within the definition of "broadcasting" as used in Rule 53. Therefore, this type of broadcasting is prohibited under Rule 53, unless the application of Rule 53 is unconstitutional because it unduly restricts the freedom of the press under the First Amendment.

It is well settled that the restrictions contained in Rule 53 do not restrict the freedom of the press in an unconstitutional manner. *See United States v. Hastings,* 695 F.2d 1278, 1280-1284 (11th Cir. 1983). The press certainly has a right of access to observe criminal trials, just as members of the public have the right to attend criminal trials. In this case, the press will be able to attend,

3

listen and report on the proceedings.[2]  No restriction is being placed upon their legitimate right of access to the proceedings. Accordingly, the Court finds that its application of Rule 53 in this case does not violate the First Amendment.[3]

For the reasons previously stated, the request to "twitter" from the courtroom during the trial of this case is denied.

IT IS SO ORDERED, this 2nd day of November, 2009.

                                      S/Clay D. Land
                                          CLAY D. LAND
                                  UNITED STATES DISTRICT JUDGE

---

[2] Because of the heightened interest of the press in this case, the Court intends to make a "media room" available during the trial that will be in close proximity to the courtroom entrance and where members of the press can use their electronic reporting devices near but outside of the courtroom.

[3] In light of the Court's ruling that Rule 53 requires denial of the pending request, it is unnecessary to determine in this case whether the Defendant's constitutional rights would be violated if the Court found that Rule 53 did not apply to the request here.  The Court likewise expresses no opinion as to whether it finds the policy reasons supporting Rule 53 persuasive.  The Court is duty bound to apply the law whether it agrees with it or not.