```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF GEORGIA
                     COLUMBUS DIVISION
```

UNITED STATES OF AMERICA            \*

vs.                                 \*       CASE NO. 4:09-CR-14 (CDL)

JOHN MARK SHELNUTT,                 \*

    Defendant.                    \*

O R D E R

After his acquittal, Defendant filed a motion pursuant to the Hyde Amendment, Pub. L. No. 105-119, § 617, 111 Stat. 2440, 2519 (1997) (reprinted in 18 U.S.C. § 3006A, historical and statutory notes), for the recovery of his attorney's fees and litigation expenses. To recover those fees and expenses, Defendant must establish by a preponderance of the evidence that "the position of the United States was vexatious, frivolous, or in bad faith[.]" Hyde Amendment. Although the Court has concerns about the prosecutorial discretion exercised by the Department of Justice in its handling of this case, the Hyde Amendment does not authorize an award of attorney's fees for an abuse of such discretion, unless the Government's position in the case was vexatious, frivolous or in bad faith. The present record does not support such a finding, and therefore, Defendant's motion (Doc. 134) is denied.[1]

---

[1] Notwithstanding today's ruling, the Court remains troubled by the insistence of senior officials at the United States Justice Department that an attorney engages in felonious criminal conduct when he accepts a legitimate attorney's fee and subsequent to its receipt handles the fee in a manner that someone could conclude that he was attempting to conceal the legitimate fee. The Government is correct that under *United States v. Elso,* 422 F.3d 1305 (11th Cir. 2005), an attorney can be guilty of

IT IS SO ORDERED, this 22nd day of February, 2010.

                                  S/Clay D. Land
                                      CLAY D. LAND
                           UNITED STATES DISTRICT JUDGE

---

money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i) if it is determined that the proceeds received by the attorney are not for the payment of a "legitimate" attorney's fee but instead are intended to conceal the nature, location, source, ownership or control of the proceeds of unlawful activity. *Elso*, 422 F.3d at 1309. However, if a jury determines that the attorney intended that the proceeds were payment of a legitimate attorney's fee, then that jury has necessarily failed to find that the transaction was designed to conceal some illicit aspect of the money he received, an essential element of § 1956 money laundering. *See id.* at 1310. After it has been determined that receipt of the proceeds represents a completely legitimate transaction (the receipt of attorney's fees and not concealment of illegality), those proceeds are legitimately clean. Whether the attorney then decides to deposit the proceeds in his operating account, a private safe, his desk drawer, or bury them in a coffee can in his back yard is irrelevant. Money laundering contemplates transforming "dirty" money into "clean," not hiding one's own "clean" money. To hold otherwise would mean that it is not a federal money laundering crime for an attorney simply to receive a fee that is paid using illegal proceeds, *see United States v. Velez,* 586 F.3d 875 (11th Cir. 2009), yet it is a federal money laundering offense if after the attorney receives that legitimate fee with no strings attached, he places it in his office safe (thus hiding or concealing it to some degree). It appears clear that the requisite intent requires at a minimum that the attorney know that the transaction is not a legitimate attorney's fee transaction but is instead intended to conceal the illegal nature or source of the proceeds. Admittedly, the distinction between illegal money laundering and legitimate legal representation can be difficult to discern in some cases, particularly when the evidence is circumstantial in nature, but it is precisely these types of cases that require the judicious exercise of prosecutorial discretion by a Justice Department focused on justice and not a high profile conviction.