```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF GEORGIA
                     COLUMBUS DIVISION
```

UNITED STATES OF AMERICA              \*

vs.                                    \*

                                        CASE NO. 4:09-CR-14 (CDL)

JOHN MARK SHELNUTT,                    \*

    Defendant.                         \*

## O R D E R

Defendant has filed a motion seeking reconsideration of the Court's Order denying Defendant's Motion for Attorney's Fees. Defendant maintains that consideration of the trial transcript and other documents produced during discovery in the underlying criminal case leads to the inescapable conclusion that the Government's prosecution of him was frivolous, vexatious, and in bad faith. Therefore, Defendant insists that ample evidence exists supporting his claim under the Hyde Amendment, Pub. L. No. 105-119, § 617, 111 Stat. 2440, 2519 (1997) (reprinted in 18 U.S.C. § 3006A, historical and statutory notes), and the Court should reconsider its previous ruling to the contrary.  For the following reasons, Defendant's Motion for Reconsideration (Doc. 143) is denied.

The undersigned presided over Defendant's trial and does not need a transcript of those proceedings to determine whether Defendant has satisfied his burden for the recovery of attorney's fees.  When the Court previously denied Defendant's motion, it considered all of the evidence available to it at the time of its decision, including

the evidence presented at the trial. Reviewing a written transcript of those proceedings, which proceedings were obviously considered by the Court in its previous ruling denying Defendant's motion, would not change the Court's conclusion. Accordingly, Defendant's request that the Court reconsider its previous decision based upon a review of the trial transcript is denied.

Defendant also seeks to submit additional evidence that apparently is not part of the trial transcript or present record. The time has passed for Defendant to have submitted evidence in support of his claim for attorney's fees. A motion for reconsideration cannot be used to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington, Fla.,* 408 F.3d 757, 763 (11th Cir. 2005). Defendant had capable counsel who made a valiant effort to recover Defendant's attorney's fees. The evidence that Defendant now seeks to have the Court consider was available to them when they filed his previous motion for attorney's fees. To the extent that this evidence was previously submitted in support of, or in opposition to, Defendant's earlier motion, the Court considered it. To the extent that it was available but not submitted, it cannot now be considered on a motion for reconsideration. *See Mays v. U.S. Postal Serv.,* 122 F.3d 43, 46 (11th Cir. 1997) (per curiam) ("[W]here a party attempts to introduce

previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during the pendency of the motion."); *accord Sanderlin v. Seminole Tribe of Fla.,* 243 F.3d 1282, 1293 (11th Cir. 2001). Accordingly, Defendant's request to supplement the record with new evidence is denied.

The Court understands Defendant's frustration. Defendant, an innocent man, faces financial hardship because of the Government's unsuccessful prosecution of him. Even the slightest empathy produces a sense of unfairness; but subjective fairness cannot guide the Court. This Court must remain anchored by the law as enacted by Congress. It is duty bound to follow that law even if the consequences are harsh. That law is clear. Congress has decided that, except in a rare case of prosecutorial misconduct, a citizen must bear the legal cost of an acquittal. The narrow exception to this principle, carefully carved out by Congress, allows a defendant to recover his costs of a successful defense only if he proves that the Government's prosecution was frivolous, vexatious, or in bad faith. *See United States v. Morris,* 248 F. Supp. 2d 1200, 1204-05 (M.D. Ga. 2003) (explaining Hyde Amendment's legislative history). A defendant's burden is substantial, having been described by the Eleventh Circuit as "a daunting obstacle." *See United States v. Gilbert,* 198 F.3d 1293, 1302-03 (11th Cir. 1999) ("The [Hyde

3

Amendment's] plain language, reinforced by its legislative history . . ., places a daunting obstacle before defendants who seek to obtain attorney fees and costs from the government following a successful defense of criminal charges."). The Court previously found that Defendant had not carried this substantial burden and thus denied Defendant's Motion for Attorney's Fees. Neither the transcript of the trial nor any other evidence that was available to the Court at the time it denied Defendant's motion will change this conclusion, and thus the Court has no legitimate choice but to deny Defendant's motion.

For all of these reasons, Defendant's Motion for Reconsideration (Doc. 143) is denied.[1]

IT IS SO ORDERED, this 19th day of March, 2010.

S/Clay D. Land<br>
CLAY D. LAND<br>
UNITED STATES DISTRICT JUDGE

---

[1] The Court makes one final observation. The Court purposely avoided making detailed findings of fact and conclusions of law in its previous Order denying Defendant's motion. It found no need to set out in detail all of the evidence that justified the Government's pursuit of these charges, thus placing its imprimatur upon the prosecution and potentially sullying Defendant's reputation further. Nevertheless, if an appeal is pursued and either party concludes that detailed findings of fact and conclusions of law are necessary for meaningful appellate review, that party should file a motion requesting that the Court make such detailed findings and the Court will oblige.